<div style="margin-left:left">SHIELDS<br>*v.*<br>LAYON.</div>

alienation of the minor's property. And as he who, without being a tutor, undertakes to manage the property of minors, subjects himself to all the liabilities of the tutorship, there seems to be no reason why acts done by him while thus acting, of which the minors have derived the full benefit, should not also be binding upon them, when third persons have acquired rights under those acts; however this may be, the plaintiffs have not tendered the price of the land, and the interest due on it, up to the day of the retrocession. This is sufficient to defeat their claim.

Judgment affirmed, with costs.

---

## S. M. BRIAN, *vs.* JOEL SPENCER.

An endorser, who pays a promissory note, when, in consequence of an informal protest, he was discharged, obtains no greater rights against the maker than appertained to the transferror, by whom it was discounted, and from whom it was obtained. The same prescription is applicable to both transferror and transferree.

APPEAL from the District Court of East Feliciana, *Stirling*, J. *Muse* and *Merrick*, for plaintiff. *W. D. Winter*, for defendant. By the court:

SLIDELL, J. The note being informally protested, and the endorser being under no legal liability to pay it, cannot be considered in a more favorable light than as taking the rights of the bank with whom the makers had the note discounted. But the bank's claim as holder of the note, was clearly subject to the prescription of five years, and the transferree of the bank is consequently subject to the same prescription. See *Christine* vs. *Chaney*, 5 Ann. 219.

In this case, it is unnecessary to consider whether an accommodation endorser, who has been legally made liable upon his endorsement, and pays the holder as endorser, is subject, as against the maker, to the prescription of five years, established by the art. 3505, or the longer prescription established by art. 3508.

Judgment affirmed with costs.

---

## JOHN P. WALWORTH et al., Trustees, *v.* Succession of JOHN SNODGRASS et al.

Although an action to subject property to the payment of the debts of the succession, on the ground that the possessor holds under simulated conveyances, should be brought by the administrator, and not by the creditors of the deceased, yet where the creditors sues both the administrator and the fraudulent possessor, and the administrator adopts the prayer of the plaintiffs against his codefendant, and asks that the property held by the latter be restored to the succession and sold for the payment of debts in due course of administration: in such a case, the creditors are competent to sue.

An answer was filed after the exception had been taken to the plaintiffs' action. *Held:* In determining on the exception, the court was bound to take cognizance of the pleadings as they then stood.

APPEAL from the District Court of the parish of Tensas, *Richardson*, J. *Montgomery*, for plaintiffs. *Saml. R. Walker* and *A. N. Ogden*, for defendants, contended: The suit is one brought on behalf of the succession, by one who shows no right to represent it, and cannot, therefore, maintain the action. The principle has been several times recognized by our courts, that an individual creditor is without right or capacity to exercise rights properly belonging only to the legal representatives of the estate. *Vienne* v. *Boissier*, 10 M. R. 359. *Miles Judson*, *adm.*, v. *Connolly and Husband*, 5th Ann. 400. In support of the same doctrine, we refer to Story's Equity Pleadings, par. 185, and to 4th Vesey's Rep. 665.

WALWORTH
*v.*
SUCCESSION OF
SNODGRASS

By the court:

EUSTIS, C. J.    The Court of the Tenth District dismissed the petition of the plaintiffs so far as relates to the defendant, *John W. Snodgrass*, on an exception taken by him to the plaintiffs' action. The plaintiffs have appealed.

The plaintiffs, being judgment creditors of the late *John Snodgrass*, whose succession is represented by *L. Vincent Reeves*, administrator, brought their suit to subject certain property alleged to belong to the succession of the deceased, but to be held by his son, *J. W. Snodgrass*, under certain fraudulent and simulated conveyances, to the payment of their judgments. *J. W. Snodgrass* excepted to the action, on the ground that it could only be maintained in the name of the representative of the succession, and so the district judge held. The case of *Vienne* v. *Bossier*, 10 M. R. 359, supports the general principle on which the decision rests.

This case is different from that cited, and is somewhat complicated by the fact that the administrator of the succession was made a party defendant to the suit, for the purpose of obtaining judgment against the succession on a judgment rendered against *Snodgrass*, the deceased, in Mississippi. In his answer, the administrator joins the plaintiffs in their prayer to subject the property in the hands of *Snodgrass*, the son, to the debts of the father, and asks that it be restored to the succession and sold for the payment of its debts in due course of administration. This answer was filed after the exception was taken to the plaintiffs' action. In determining on the exception, the district judge was bound to take cognizance of the pleadings as they then stood. The administrator was then in court, asserting the plaintiffs' right of action for the benefit of all the creditors. Besides, the party excepting did not ask the dismissal of the petition on the exception being sustained. We think the district court erred, but the plaintiffs ought to pay the costs in the district court.

The judgment of the district court is therefore reversed and the case remanded for further proceedings, the appellee paying the costs of this appeal, and the plaintiffs the costs in the district court.

Application for re-hearing refused.